FRUGE, Judge ad hoc.
This is an action in tort for damages instituted by plaintiff, Arthur M. Ware, against Orval J. Laiche, for the loss of a horse.
On September 5, 1948, at approximately 3:30 p. m. the defendant, was operating his 1942 Model Chevrolet automobile on U. S. Highway 190 in an easterly direction, enroute from Baton Rouge, Louisiana, through Livingston Parish, Louisiana. The defendant was accompanied by his wife and two children and when he was approximately two miles west of the Village of Livingston, Louisiana, an accident occurred between his car driven by him and a horse owned by Mr. Ware, the plaintiff. The horse died as a result of this accident.
The plaintiff instituted suit in the Twenty-first Judicial District Court in and for the Parish of Livingston, wherein the accident occurred, for the sum of $175.00, which he alleged was the value of the horse. The defendant filed an exception to the jurisdiction “ratione personnae” alleging that he was a resident and domiciled in the *225 Parish of East Baton Rouge, and therefore the Court was without jurisdiction to try the matter. The exception was properly overruled and thereafter an answer and re-conventional demand was filed by defendant stating that the accident was not caused by any negligence whatsoever on the part of the defendant, but was caused by the gross negligence and carelessness on the part of plaintiff’s nephew who was chasing said horse across a thoroughfare and busy highway. The defendant alleged in his reconventional demand that his automobile was damaged in the amount of $78.00 and prayed for same. The case went to trial on the merits in the District Court and resulted in a judgment in favor of plaintiff in the sum of $175.00. Being aggrieved, the defendant and plaintiff in reconvention has appealed from said judgment.
From a careful consideration of all the testimony in the case relating to the actual occurrence of the accident, we are led to the conclusion that the plaintiff has not sustained the burden of proving the negligence charged by him to the defendant for which he seeks to recover damages. We are of the opinion rather that the preponderance of the evidence tends to show that the accident was an unavoidable one caused by the sudden running.of the horse onto the highway into'the path of the defendant, and there were no steps which he could have taken to avoid the accident.
Mr. Laiche, the defendant, testified that while he was traveling in an easterly direction on U. S. Highway 190 he noticed two horses being chased by a young boy on the south side of the highway. He stated that he first noticed these horses when he was approximately 600 feet from them; that these horses were being driven by a boy who was also riding a horse; that suddenly the two horses crossed the highway from the south side over to the north side in front of the automobile driven by Mrs. Gene Davison and also being occupied by Mr. Gene Davison; that the boy riding the horse also crossed the highway in pursuit of the horses that had previously crossed the highway. All traffic going east came to a partial stop on seeing these horses being chased by this young boy. After the horses crossed the highway, the traffic again proceeded east. Shortly after Mr. Laiche, the defendant, had endeavored to proceed east behind the traffic the horse belonging to Mr. Ware, the plaintiff, suddenly came running from the north side of the highway at a high rate of speed and when the horse hit the pavement on the north side of the highway, said horse slipped and fell and skidded into the automobile operated by the defendant.
The defendant was substantiated in his testimony by the testimony of Mr. Gene Davison, the owner of the automobile, who was proceeding in an easterly direction on the same highway as defendant and was only a very short distance ahead of defendant at the time of the accident, and he is further corroborated in his testimony by his wife, Mrs. Laiche.
Mr. Ivy Stafford, who was called as a witness in behalf of the plaintiff also substantiated the testimony of defendant. Mr. Stafford was, at the time of the accident, driving his automobile behind the automobile of defendant. He testified that the horse came running onto the highway from the north side and when it came onto the north side of the highway it slipped in front of the automobile being driven by defendant. He stated that the defendant was traveling at a rate of speed of approximately thirty miles per hour.
The speed of the automobile driven by defendant was not excessive and in fact the plaintiff does not allege that the defendant was traveling at an excessive rate of speed. It is noted that when the two horses which traversed the highway from the south side onto the north' side of the highway the traffic traveling eastward came to a partial stop and it was not until the boy Johnny Ellis, the nephew of defendant, had crossed the highway and was a sufficient distance from said highway that the automobile began to increase its speed. While Mr. Laiche, the defendant, frankly admits that he was not looking at the horses after they had crossed the highway from the. south side to the north side and were practically due north of him, it cannot be said that he was negligent in that respect as all the law requires *226 of the driver of a car is to keep a proper lookout on the road ahead of him which the driver in this instance was doing.
The defendant and plaintiff in reconvention has alleged that the sole cause of the accident was the gross negligence and carelessness of plaintiff’s minor nephew, Johnny Ellis, in chasing the horse along the highway when it was easily foreseeable that the horse might run onto the open highway and cause an accident
The highway where tne accident occurred, namely U. S. Highway 190, was a highway wherein stock was permitted at large, and all along said highway there are signs informing travelers that stock is at large. The plaintiff had the right to let his stock roam on the highway and naturally he had the right to remove them from said highway. If his horse suddenly darts onto the highway into the path of an oncoming automobile or into an automobile, as in this case, while he is seeking to drive them back into pasture, he, the owner of the horse, cannot be said to have been negligent.
For the above reasons it is now ordered that the judgment appealed from be voided and set aside, and that plaintiff’s suit and defendant’s reconventional demand, be both dismissed. Plaintiff to pay all costs.