LOTTINGER, Judge.
This is a suit for damages ex-delicto to recover the value of a cow which was injured when it was run over by an automobile operated by defendant. The injuries were such as to necessitate the subsequent “mercy” killing of the cow. From a judgment in favor of defendant dismissing the suit at petitioner’s costs, petitioner has prosecuted this appeal.
The accident occurred at dusk on March 6, 1950, near White Hall in Livingston Parish. Petitioner did not witness the accident and alleges negligence merely on. the fact that defendant ran into the cow. Defendant was driving along a gravel highway at a speed of 15 or 20 miles per hour. As he reached a right hand curve in the highway, the cow suddenly appeared, from the right, into the path of the car. Upon seeing the cow, defendant immediately applied his brakes and skidded some twenty feet. He hit the cow, injuring its hind leg. Because of the injury, and in order to relieve it of suffering, the cow was subsequently killed. Petitioner seeks damages in the sum of $200.
There were no witnesses to the accident other than defendant and his sister-in-law. Defendant’s sister-in-law was riding with defendant, but was unable to shed much light on the accident as she was playing with defendant’s children. She did, however, testify that defendant was driving no faster than 15 or 20 miles per hour. She further testified that “He put on the brakes and ran into the right hand side of the curve.” This indicates to us that defendant, upon seeing the cow, attempted to avoid hitting it by applying his brakes and swerving to his right. Defendant testified substantially as ¡did his sister-in-law. In addition, he testified that “She jumped in front of the car and when I first saw her she was too close to avoid hitting her. I jammed on the brakes and cut to the right in the ditch and my sister-in-law was in the car holding one of the children and when I went in the ditch it threw her against the windshield and hit her head.”
Petitioner has offered no witnesses to show negligence on the part of defendant other than defendant himself. On appeal, petitioner claims that defendant should be held liable for failure to see what he could have seen had he been keeping a proper lookout. Petitioner, however, has failed to show that defendant could have seen the cow in time to avoid hitting it. The only evidence on this point was that of defendant who stated that the cow suddenly jumped in front of his car.
We believe, therefore, that petitioner has failed to sustain his burden of proving negligence on the part of de *447 fendant. Furthermore, in Holmes v. Lindsey, La.App., 15 So.2d 89, 91 this court held: “When an animal suddenly darts in front of an automobile traveling at a reasonable rate of speed on the highway, and the animal is struck before the driver can stop his car, or swerve it so as to avoid the accident, the accident is said to be unavoidable, and there is no liability on the part of the driver or his employer. Campbell v. F. Hollier & Sons, La.App., 4 So.2d 576.”
For the reasons assigned the judgment of the lower court is affirmed, at appellant’s cost.
Judgment affirmed.