66 So.2d 355 (1953)
ANDERSON
v.
BENDILY.
No. 3705.
Court of Appeal of Louisiana, First Circuit.
June 30, 1953.
*356 Reid & Reid, Hammond, for appellant.
Edwin C. Schilling, Jr., Amite, for appellee.
ELLIS, Judge.
The defendant, accompanied by his wife, his mother-in-law and several children, was driving his automobile on the black topped highway commonly known as the Amite-Denham Springs Highway, and at about 7:30 or 8:00 p. m. when one mile west of Pine Grove in St. Helena Parish, he struck and killed a heifer, property of the plaintiff, who filed suit for the value of the heifer and was accordingly awarded a judgment in the District Court of $150, together with legal interest from date of judicial demand until paid and all costs.
The defendant has appealed.
The defense to the suit is that the heifer came suddenly from the ditch up into the highway and that the defendant applied his brakes and did everything in his power under the circumstances to avoid the collision.
The record shows that the defendant, his wife, and mother-in-law were all on the front seat and were the only witnesses to the actual collision. They testified that the car was being driven at approximately 45 miles per hour and that each of them saw this heifer on the right hand side of the road in the ditch just prior to the collision. The defendant testified that he was within 30 or 35 feet of the heifer when he first observed her in the ditch which had a four or five foot sloping embankment up to the highway, and that at that time she was moving toward the road, and realizing that she was coming up into the road he immediately applied his brakes. He also testified that a truck and a car were coming toward him, however, it is not shown that he was blinded by these oncoming lights and he testified that he was not prevented from swerving to his left by the oncoming traffic, therefore, they must have been some distance away. His testimony as to why he did not swerve to the left was that he just didn't have time. It is also the positive testimony of the wife and mother-in-law that the cow came suddenly into the road and it was impossible to avoid striking her. They all testified that if it had been a person, the same thing would have happened.
The plaintiff, on the question of liability, contends that the heifer did not dart suddenly out in front of the vehicle, that "either the cow was standing in the road when the defendant first saw her or that when he first saw her she was a great distance away and he did not put on brakes." The entire case of the plaintiff on this contention is based on the speed of the automobile at 45 miles per hour and that the ditch was about five feet deep and, therefore, the defendant was traveling at the rate of 66 feet per second, and that even if he was going 40 miles per hour he was traveling 59 feet per second and the driver's "thinking distance is 44 feet and braking distance 82 feet or a a total of 126 feet to stop", and that as the defendant testified that he first saw the cow when he was 30 or 35 feet away, that either she was standing in the road or he would not have struck her or he was a greater distance away and failed to see the cow coming into the road and in either event would be liable. The plaintiff relies upon the case of Tatum Bros. v. Herrin Transp. Co., La.App., 29 So. 799, and Rachal v. Balthazar, La.App., 32 So.2d 483, in which the Court quoted from the case of Pepper v. Walsworth, 6 La.App. 610.
It is well settled that: "* * * When an animal suddenly darts in front of an automobile traveling at a reasonable rate of speed on the highway, and the animal is struck before the driver can stop his car, or swerve it so as to avoid the accident, the accident is said to be unavoidable, and there is no liability on the part of the driver or his employer. Campbell v. F. *357 Hollier & Sons, La.App., 4 So.2d 576. * * * The plaintiff bore the burden of showing by a preponderance of the evidence that the accident was not unavoidable but was due to the negligence of the driver of the car which struck the animal. * * *" Holmes v. Lindsey, La.App., 15 So.2d 89, 91; See also: Dunckelman v. Shockley, La. App., 183 So. 52; Ware v. Laiche, La.App., 45 So.2d 224; Fontenot v. Brown, La.App., 53 So.2d 446.
The positive testimony of the only eyewitnesses in the case as to the actual collision should be accepted as controlling any testimony which amounts to only an estimate. In other words, we believe that it is definitely established that this heifer was on the side of the road and that when the defendant and other occupants of the car first saw her she was coming into the road and the driver thought that a collision was unavoidable and applied his brakes. It must be remembered that the burden of proof was upon the plaintiff, and the plaintiff has failed to show the distance the car traveled or was stopped after striking the heifer, even though the owner of the heifer and a witness who testified as to the value of it visited the scene immediately thereafter. It is also shown that the highway patrolman who lives at Pine Grove was notified of the accident.
The cases relied upon by the plaintiff are not applicable to the facts in the case, for in the present case it was not shown that the defendant was blinded by the lights of any oncoming automobile and there was no duty on him to reduce his speed of 45 miles per hour which was not excessive under the circumstances. An emergency was created and the defendant in applying his brakes met the test under such circumstances. It is also not shown by the plaintiff nor this record that the defendant could not stop a car within the range of his lights, nor is it shown that there was any reason why he should have seen this heifer sooner. The plaintiff is attempting to take an estimate of speed and distance made by the defendant and his witnesses and consider it as positive testimony. These estimates must be taken into consideration but cannot overcome positive contrary testimony. Also, the plaintiff is basing his contention that the accident could not have happened if the estimate of speed and distance given by the defendant is accepted because "it is common knowledge that the heifer could not have gotten into the road in time to be struck." Again we say the burden was upon the plaintiff.
The plaintiff has failed to prove by a preponderance of the evidence that the accident was due to the negligence of the defendant.
The judgment of the district court is reversed and the plaintiff's suit dismissed at his cost.