LOTTINGER, Judge.
This is a suit by Edwin A. Geoghegan, and others, who were allegedly the owners of five head of cattle which were killed *643 when they were struck by a Greyhound bus. They sue for damages caused by the death of the said cattle. The defendant bus company admits killing one cow, and injuring a bull, 'but claim that the accident was due to no negligence on the part of the company or its driver. The lower court found defendant responsible for death of three cattle, and awarded judgment in favor of petitioners in the sum of $850. Defendant appeals.
The accident occurred at approximately 1:00 o’clock, a. m., on April 22, 1951. At the time of the accident, the bus was proceeding westerly, from New Orleans to Mobile, Alabama, on U. S. Highway 90, and had just passed the Rigolets. The only eyewitnesses to the accident were the bus driver and a passenger by the name of Cavanaugh. These two witnesses testified substantially the same. They stated that the bus was proceeding at a speed of about 45 miles per hour. A car approached the bus from the opposite direction, and the bus driver dimmed his headlights so as not to ■blind the driver of the car. The car’s lights were dim, and in no way blinded the driver, or passenger, of the bus. After passing the car, the bus driver brightened his lights, and they were confronted with some 12 to 14 cattle on’the shoulder of the highway. The bus driver relates the accident as follows:
“Just as I passed the car, I kicked my dimmer switch to put the lights up high, and just as I kicked the dimmer switch I noticed these cows approximately in front on the shoulder of the highway coming onto the roadway— evidently they were on either side of the paved portion of the road and when the car came through I didn’t notice any signs of animal life on the sides due to the weather, though anyone familiar with cattle knows any disturbance in the weather, stormy weather, they seem to just mill around, and evidently they came in from behind this car and when I kicked my dimmer switch on my lights, there they were in front of me.”
. Mr. Cavanaugh’s version of the accident is as follows:
“While I was looking and the car approached, we were driving with the dimmers, and the car passed by and all of a sudden, just a few seconds later, the driver applied his foot to the brake and I felt the bus shake and I 'figured there must have been something there, then there was a sudden noise and I figured it was a cow.”
The driver testified that, immediately on seeing, the cattle, he applied his brakes and began to skid. He struck pne cow head-on and killed it. The bus swung around and the rear side portion of the bus hit the bull and injured it. The bus ended up headed in the opposite direction, pointed towards New Orleans, and on the left, or opposite, shoulder of the highway.
The driver, and his passenger, testified that the weather was bad. It was raining shortly before the accident,' but at the time of the accident, the rain had ceased but it was still misty. . : .
The lower court found in favor of petitioner and gave judgment accordingly. The defendant has taken this appeal.
In its reasons for judgment the lower court states that the driver saw the cattle on the. shoulder of the highway sometime prioi- to the actual accident, and had he slowed down upon first seeing the cattle, he would have been able to stop and avoid the accident. We do not believe that this conclusion could be reached from the testimony of the only two eyewitnesses.. The driver contends that, after passing the oncoming car, he put on his 'bright lights and saw the cattle on the highway in front of him. The passenger states that the cattle were on the shoulder of the road when the driver put on his bright lights, but that two or three of them “stalked out onto the road”. Both of the said witnesses testified that the driver immediately put on his brakes and the bus skidded and struck the cow and the bulk
*644 Although the lower court attempted to distinguish this case from that of Anderson v. Bendily, La.App., 66 So.2d 355, 356, we believe that the two cases are strikingly similar in many important details. In each of the cases, the vehicle was proceeding at a speed of 45 miles per hour. In each of the cases there was an approaching vehicle, however, in the Anderson case, the cow was struck before the vehicles had passed each other. In both of the cases, the.driver was confronted with a sudden emergency and did everything to avoid the accident. In the case before us, the driver put on his brakes so vigorously as to skid completely around and come tp a r.est headed in the opposite direction from that in which he was proceeding before the accident.
In the case of Anderson v. Bendily, supra, we had this to say:
“It is well settled that; ‘ * * * When, an animal suddenly darts in front of an automobile traveling at a reasonable rate of' speed on the highway, and the animal is struck before the driver can stop his car, or swerve it so as to avoid the accident, the accident is said to be unavoidable, and there- is no liability on-the part of the driver or his employer. Campbell v. F. Hollier & Son, La.App., 4 So.2d 576. * * * The plaintiff bore the burden of showing by a preponderance of the evidence that the accident was not unavoidable but was due to the negligence of the driver of .the car which struck the animal. * * *’ Holmes v. Lindsey, La.App., 15 So.2d 89, 91; See also: Dunckelman v. Shockley, La.App., 183 So. 52; Ware v. Laiche, La.App., 45 So.2d 224; Fontenot v. Brown, La.App., 53 So.2d 446.
“The positive testimony of the only eye witnesses in the case as to the. .actual collision should be accepted as controlling any testimony which amounts.to only an estimate.”
• The evidence ' discloses that, when- the driver and his passenger first saw the cattle,they were on the shoulder entering the highway and the driver immediately applied his brakes. There was no evidence as to how far the bus skidded when the driver applied his brakes. Both the driver and his passenger testified that, although it was misty, the visibility was good, or at least so good as to justify a speed of 45 miles per hour.
It is the conclusion of this court that the petitioners have failed to show any negligence on the part of the defendant driver, and, accordingly, the judgment of the lower court will be reversed.
For the reasons assigned hereinabove, the judgment of the lower court is reversed and petitioners’ claim dismissed. All costs to be paid by petitioners.
Judgment reversed.