CULPEPPER, Judge.
In this suit plaintiff seeks to recover damages from the defendant for the death of a cow struck by a pick-up truck belonging to Orance Manuel, the defendant’s assured. From an adverse judgment in the District Court defendant has taken this appeal.
The facts as found by the Judge of the trial court are set forth in his written opinion, as follows:
“The incident took place on April 22, 1959, on Louisiana State Route 13 near the town of Pine Prairie, Louisiana. The evidence shows that it happened in broad daylight and that the day was clear and the road unobstructed and dry at the time.
“Mr. Manuel testified that when he saw the animal which was coming diagonally across the road as though headed toward him that he applied his brakes and did everything in his power to avoid striking the cow, but he was unable to stop in time. He further testified that his truck skidded quite a distance (The transcript of his testimony says 10 to 15 feet) and stopped on top of the animal. Mr. Manuel also stated that he was driving at a reasonable rate of speed. (The transcript of his testimony says approximately 35 miles per hour). The evidence also discloses that this is a road in an area where animals are allowed to roam at large, and there are various highway signs indicating that there are stock at large.
“According to Mr. Manuel’s testimony, he was familiar with the road, having traveled it many times.
“One witness for the plaintiff, the only other eye-witness to the occurrence, testified that the cow had gotten onto the highway when Mr. Manuel’s truck was a distance of approximately 150 yards (The transcript of testimony actually says 150 feet) from the point of impact. Regardless of this testimony, however, the Court is of the opinion that if the cow was already on the highway and coming diagonally towards the truck, the driver should have seen it in time to avoid killing the cow. His attention must have been diverted for a few moments.” (The portions shown in parentheses have been added by this court of appeal.)
After a study of the transcript of testimony, it is our opinion that our brother below is not manifestly erroneous in any of his findings of fact which would require a reversal of his judgment. The transcript shows that Mr. Elmus Deville, the only eye-witness to the accident in addition to the defendant, Orance Manuel, actually testified that Mr. Manuel’s truck was a distance of approximately one hundred fifty 'feet from the point of impact (instead of *323 one hundred fifty yards as stated in the lower court’s opinion) when Mr. Deville first saw the cow walking onto the road. However, even if the cow were only one hundred fifty feet ahead and walking onto or already upon the road at that time, Mr. Manuel should have seen it. According to his own testimony, Mr. Manuel was traveling only thirty-five miles per hour and should easily have been able to avoid striking the cow if he had seen it (as the trial court found he should have), one hundred fifty feet away.
Under the facts as found by the trial court and as fully substantiated by the record, this case falls within the doctrine set forth in Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412, 413, in which our Supreme Court held, as follows:
“ ‘A motorist is held to have seen an object, which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, * *.
* * * * * *
“The holding in the case of Anderson v. Bendily [La.App., 66 So.2d 355], supra, is not applicable nor the other cases cited by the counsel for the defendant because all of those cases involve circumstances where animals suddenly darted in front of an automobile operated at a reasonable rate of speed. In the present case the animals walked or ‘stalked’ onto the highway and did not suddenly dart in front of a bus.”
In the more recent case of Courtney v. Ousley, La.App., 79 So.2d 142, 144, our brothers of the Court of Appeal, First Circuit, have followed the doctrine of the Geoghegan v. Greyhound Corporation case in holding, as follows:
“In the present case it is shown that there were anywhere from 15 to 30 cows in the road, which under defendant’s testimony he did not see until approximately the moment he struck the cow. His only excuse was the bright lights of plaintiff’s car, but it must be remembered that plaintiff was parked 157 yards or 471 feet from the point where the defendant struck and killed the cow. There is no reasonable excuse for the defendant not having seen this big bunch of cows moving along on the highway, and immediately bringing his car under such control that he could prevent striking any one of these cows.”
In the present case also there is no excuse for the defendant not having seen this cow on the highway in time to bring his car under such control that he could prevent striking it.
The defendant seeks to escape liability under the jurisprudence of this state that when an animal suddenly darts out in front of an automobile traveling at a reasonable rate of speed and the animal is struck before the driver can stop his car, or swerve it, the accident is said to be unavoidable and there is no liability on the part of the driver. Anderson v. Bendily, La.App., 66 So.2d 355; Campbell v. F. Hollier & Sons, La.App., 4 So.2d 576; Fontenot v. Brown, La.App., 53 So.2d 446, 447. This principle of law is well established but it has no application to the case at bar because, according to the facts as found, the cow in question did not dart out suddenly in front of Mr. Manuel’s vehicle.
The defendant insurer has not complained on appeal of the amount of the award in the sum of $200 for the value of the milk cow, and we, therefore, do not find it necessary to discuss this point.
It is, therefore, our opinion that there is no manifest error shown in the judgment of the District Court and it is hereby affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.