127 So.2d 547 (1961)
Charlie PICKETT
v.
TRAVELERS INS. COMPANY.
No. 202.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1961.
*548 Cunningham & Cunningham, by W. Peyton Cunningham, Natchitoches, for defendant.
Gahagan & Gahagan, Natchitoches, by Russell E. Gahagan, Natchitoches, for plaintiff.
Before TATE, FRUGE and HOOD, JJ.
HOOD, Judge.
This is an action for damages instituted by Charlie Pickett against Travelers Insurance Company to recover for the loss of plaintiff's registered bull which was struck and killed by an automobile owned by Continental Can Company, Inc., and being driven by Lionel J. Roundtree, an employee of that company. The defendant was the property damage insurer of the vehicle which was involved in this accident. The trial court rendered judgment in favor of plaintiff for the sum of $250, and defendant has appealed from that judgment. Plaintiff has answered the appeal praying that the amount of the award be increased.
The accident occurred about 11:00 A.M., on December 23, 1959, on Louisiana Highway No. 155, in Natchitoches Parish. The highway at that point is a blacktopped, straight thoroughfare, about thirty feet wide, with very narrow shoulders. It had been raining just prior to the accident and the road was wet and slippery. The accident occurred on a fill in the highway, the roadbed being four or five feet above the level of the ground on either side of this fill. The distance from the bottom of the fill to the shoulder of the road was about 35 feet.
The highway at that point is not one on which livestock are prohibited by law from roaming at large, and at the time of the accident there were signs in that immediate area warning that stock were at large and that drivers should exercise caution. The driver of the automobile was familiar with that area and with the fact that cattle were frequently on the highway.
The only eye witness to the accident was Mr. Roundtree, the driver of the insured automobile. He testified that while driving in a westerly direction at a speed of about forty-five miles per hour, he saw two cows on the north side of the highway, and that he thereupon applied his brakes and slowed down to less than 40 miles per hour until he had safely passed them. Shortly after passing these cows, he saw plaintiff's bull from 25 to 100 feet ahead of him, on the left side of the road, at which time the animal was climbing the embankment leading *549 up to the south shoulder of the highway. He testified that the bull then suddenly darted across the highway in front of his car, that he applied his brakes immediately and turned to his left, but that in spite of these efforts to avoid a collision the right front fender of his automobile struck the rear end of the animal, killing it almost instantly.
Roundtree's testimony as to the manner in which the bull started to cross the highway is, in part, as follows:
"Well, it wasn't slow, he got up on this highway fast, he jumped on to the highway. He jumped up out * * * from the embankment on to the highway.

* * * * * *
"Well, the first thing you do, I guess, is take your foot off of an accelerator before you apply your brakes and that is what I did and then I applied my brakes, and this bull jumped on to the highway so fast that when I finally had to apply my brakes I had to apply them in order to stop the car, and I applied my brakes just as hard as I could and still control the car on the highway, and must skidded eight or ten feet when I hit the bull."
The evidence shows that the wheels of the automobile skidded a distance of eight or ten feet immediately prior to the time of the collision. The point of impact was near the center of the highway and the animal slid on the pavement a few feet after being struck. The automobile apparently sustained relatively minor damages, since it was driven some distance immediately after the accident and before any repairs could have been made, and according to one of plaintiff's witnesses, "the bull wasn't tore up none." The collision did not cause the automobile to overturn or to leave the highway and it was stopped near the point of impact immediately after the accident occurred.
Within an hour after the accident occurred, Roundtree made statements to plaintiff and to two other witnesses to the effect that the accident was caused by the "doggone slippery weather," and that he could have avoided striking the bull by running off the highway, but that he was afraid to do so. According to plaintiff and these two witnesses, the driver of the car at that time made no mention of the fact that the bull had darted into the highway in front of his automobile. One of the witnesses, Dude Woods, testified that a few moments after the accident occurred, he saw the insured automobile being driven in a westerly direction at a speed which he estimated to be about 45 miles per hour. The car, however, was at least 200 feet west of, or beyond, the point of impact when it was first observed by this witness. Roundtree at that time was on his way to notify plaintiff of the accident. In our opinion, therefore, the testimony of this witness does not establish either that the vehicle was being driven at an excessive rate of speed at the time the accident occurred or that the driver failed to stop briefly after the impact, as he says he did.
The trial judge concluded that the sole proximate cause of the accident was the negligence of Roundtree in driving unreasonably fast under the circumstances. That conclusion, according to the written reasons for judgment which were assigned, was based on the fact that Roundtree admitted that he could have missed striking the bull but because of the slippery roads he was afraid to take a chance, the fact that Roundtree while talking to plaintiff and others shortly after the accident occurred did not mention that the bull had suddenly darted in front of his car, and the fact that Roundtree admitted that he had seen a sign warning him of cattle and had seen two cows on the road shortly before the collision occurred.
It is well settled that when an animal suddenly darts in front of an automobile traveling at a reasonable rate of speed on the highway, and the animal is struck before the driver can stop his car or swerve it so as to avoid the accident, *550 the accident is said to be unavoidable and there is no liability on the part of the owner or the driver of the automobile. Campbell v. F. Hollier & Sons, La.App.1941, 4 So.2d 576; Holmes v. Lindsey, La.App.1943, 15 So.2d 89; Fontenot v. Brown, La.App. 1951, 53 So.2d 446; Anderson v. Bendily, La.App.1953, 66 So.2d 355; Simmons v. Smith, La.App. 1956, 86 So.2d 723; McGee v. Southern Farm Bureau Casualty Ins. Co., La.App. 1961, 125 So.2d 787; West v. Southern Farm Bureau Casualty Ins. Co., La.App.1960, 124 So.2d 321.
The evidence in this case establishes without contradiction that plaintiff's bull suddenly darted on the highway in front of the insured vehicle, and that the driver of that car then veered to his left and applied his brakes forcefully in an unsuccessful attempt to avoid striking the animal. We think the driver exercised reasonable care in attempting to avoid the accident, and that under the circumstances presented here he was not guilty of actionable negligence in electing to strike the animal rather than to drive off the highway and down the embankment which bordered it.
The evidence also established that prior to the accident he had been driving at a speed of about 45 miles per hour, but that he had reduced that speed to less than 40 miles per hour before he first observed plaintiff's bull. The fact that the car did not overturn or leave the highway, that it was not damaged sufficiently to prevent its being driven, the fact that it was stopped near the point of impact, and the evidence to the effect that the bull "wasn't tore up none," all tend to corroborate the driver's testimony that the car was being driven at a relatively slow or moderate rate of speed at the time of the accident. The failure of Roundtree to mention shortly after the accident occurred that the bull had darted in front of his car may constitute some basis for questioning his later statements to the effect that the animal had in fact done so, but in our opinion, this circumstance cannot logically serve as a basis for concluding that he was driving at an excessive rate of speed. The statement of the driver to the effect that he could have avoided striking the bull by driving off the highway is consistent with his testimony as to the speed at which the car was being driven, and we do not think that statement justifies a conclusion that he was driving at an excessive rate of speed. The accident occurred on an open, hard-surfaced highway where visibility was good. Although the road was wet and slippery at the time, we think Roundtree was exercising reasonable care in driving his automobile at a speed of 40 or 45 miles per hour, under the circumstances shown here. In arriving at that conclusion we have taken into consideration the fact that the driver was aware of the "stock at large" signs on the highway, and that shortly before the collision occurred he had reduced his speed and had safely passed two cows on the right side of the highway. Our review of the evidence convinces us that the trial judge erred in concluding that the automobile involved in this collision was being driven at an unreasonably fast rate of speed.
Since plaintiff's bull suddenly darted in front of the insured automobile which was being driven at a reasonable rate of speed, and the animal was struck before the driver could stop or swerve his car so as to avoid the accident, the accident was clearly unavoidable, and there is no liability on the part of the driver or the insurer of the automobile.
For the reasons assigned, therefore, the judgment of the trial court is reversed, and accordingly judgment is hereby rendered rejecting the demands of plaintiff-appellee and dismissing this suit. All costs, including the costs of this appeal, are assessed to plaintiff-appellee.
Reversed.
TATE, J., dissents and assigns written reasons.
*551 TATE, Judge (dissenting).
The writer must respectfully differ from the views of his esteemed and conscientious brethren of the majority.
In the absence of manifest error, a reviewing court should not disturb a trial court's judgment. The trial court did not accept, as did the majority on appeal, the motorist's initial explanation of the accident as resulting from a sudden jump into his path of the bull, which he first had seen when only 25 feet distant; and I cannot find manifest error in the trial judge's failure to do so, since upon cross-examination the motorist admitted being considerably further distant when he first saw the bull as it started toward the highway from the bottom of an incline approximately 40 feet distant from the highway (Tr. 58), and since his vehicle did not hit the bull until after it had crossed the center-line of the 35-foot blacktop highway (Tr. 56, 57).
It is in the light of these admissions under cross-examination that, in my opinion, the trial court properly attached damaging significance to the failure of the motorist immediately after the accident to claim that the accident was unavoidable because of any sudden movement by the bull. (It is to be remembered that, since the motorist was the sole eyewitness of the accident, the cattle owner could not further corroborate by other witnesses as more correct the motorist's latter version of the incident.)
Considering the relative rates of speed of the bull and the automobile, I think that the trial court could properly hold under the record before us that the motorist could reasonably have avoided the accident by slackening his speed further when he first saw the bull headed toward the highway, and that the motorist was under a duty to have done so in this well-posted "cattle at large" area in which, as the motorist personally knew, cattle were frequently on the highway.
As stated in Dupuy v. Iowa Mut. Ins. Co., La.App. 1 Cir., 113 So.2d 830, 831-832, there is a "presumption on appeal that district court judgments are correct and decided according to law, so that the burden on the appellant is to show the contrary * * *" (Citations omitted). I do not think that the appellant has in this instance met such burden.
I must therefore respectfully dissent.