AYRES, Judge.
Plaintiff instituted this action to recover the value of a cow which was killed when struck by an automobile driven by G. M. McCartney, defendant’s assured. Negligence charged to the motorist consisted of his failure to keep a proper lookout for animals on the highway. The defense was (1) that, as to the motorist, the accident was unavoidable and (2) that, under LSA-R.S. 3:2801 et seq., plaintiff was under a statutory obligation to keep his cattle off the public highway. Concluding that defendant’s driver was traveling at a relatively fast rate of speed over a road then under reconstruction, the driver was found guilty of negligence and there was judgment in plaintiff’s favor for $150 as the value of the animal. Defendant appealed.
Since the appeal was lodged in this court, plaintiff has died. By a motion, his widow and heirs have been substituted as the proper parties-plaintiffs.
The first of the defenses concerns matters wholly factual in character. The accident occurred at night on U. S. Highway 84 in Winn Parish. According to the testimony of McCartney, the only eyewitness to the accident, the animal ran onto the highway from his .right, immediately in front of his car, at a time when his lights could not reveal the presence of the animal because of a slight dip in the highway. When first seen, the cow was only 30 or 35 feet away.
The highway at the scene of the accident was straight and level except for the aforesaid dip. The driver, proceeding at a rate of 45 or 50 m. p. h., on seeing the cow, immediately applied his brakes in an effort to stop, but was, nevertheless, unable to prevent the accident.
*54 From a careful consideration of all the testimony in the case, relating to the occurrence of the accident, we are impressed by the fact that it was not possible for defendant’s driver to have seen the cow sooner than he did; that, when he saw it entering his lane of travel, he applied his brakes and, at about the same time, struck the cow.
There is no showing that the driver was proceeding at a fast or excessive rate of speed. He was well within the statutory limits. The conclusion is therefore inescapable that the accident was caused by the sudden entrance of the cow upon the highway in front of the automobile at such a short distance away as to afford neither time, space, nor opportunity for the driver to avoid the accident. Under such circumstances, it can only be concluded that, so far as concerns the driver of the automobile, the accident was unavoidable. Campbell v. F. Hollier & Sons, La.App. 1st Cir., 1941, 4 So. 2d 576; Holmes v. Lindsey, La.App. 1st Cir., 1943, 15 So.2d 89; Fontenot v. Brown, La.App. 1st Cir., 1951, 53 So.2d 446; Pickett v. Travelers Ins. Company, La.App. 3d Cir., 1961, 127 So.2d 547.
The plaintiff had the burden of establishing, by a reasonable preponderance of the evidence, that the accident was not unavoidable but was due to the negligence of the driver of the car which struck the animal. Anderson v. Bendily, La.App. 1st Cir., 1953, 66 So.2d 355. Such negligence has not, in our opinion, been established.
The second of the defenses urged is likewise meritorious. In this regard, it may be pointed out that, by LSA-C.C. Art. 2321,
“The owner of an animal is answerable for the damage he has caused; * * * »
and, by statute (LSA-R.S. 3:2801 et seq.), no one shall knowingly, willfully, or negligently permit his livestock to roam at large upon certain-designated highways of the state, one of which is the highway upon which plaintiff’s cow was killed. Thus, a duty is imposed upon the owners of livestock to keep their livestock under adequate enclosure in areas affected by such statutes. Nevertheless, the owner of an animal is-liable for damages done by the animal only in cases where he, the owner, is guilty of some fault or negligence in his ownership or possession of the animal. The principle is-well established that, where an animal has been the cause of damage, the burden rests-upon the owner of the animal to show when, where, and how the animal escaped fronn its enclosure, that is, his freedom from, fault, even in the slightest degree.
Thus, in order to recover the loss-occasioned to an animal when struck by an automobile upon the highway where the-roaming of livestock is prohibited, the owner of the livestock must not only establish the negligence of the motorist but also his-own freedom from fault. Parker v. Young, La.App. 1st Cir., 1960, 122 So.2d 699; Kennedy v. Frierson, La.App. 2d Cir., 1962, 142 So.2d 838.
The proof offered in the instant case-not only fails to exculpate the owner from-fault, in permitting his livestock to .roam at-large upon the highway where such practices were prohibited by statute, but also-fails to establish negligence on the part of the motorist.
Accordingly, the judgment appealed is-annulled, avoided, reversed, and set aside;, and
It is now Ordered, Adjudged, and Decreed that the demands of the substituted plaintiffs be rejected and their suit dismissed at their cost, including the cost of this appeal.
Reversed.