160 So.2d 810 (1964)
Edward HUVAL, Plaintiff-Appellee,
v.
Wallace BURKE, Defendant-Appellant.
No. 1046.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
*811 Stephen P. Boulet, St. Martinville, for defendant-appellant.
Emile Duchamp and C. Thomas Bienvenu, Jr., St. Martinville, for plaintiff-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
This is a tort suit. The plaintiff Huval's car collided with a cow allegedly owned by the defendant Burke. The defendant appeals from judgment awarding damages to the plaintiff.
The defendant-appellant contends that negligence on his part was insufficiently proven and that the plaintiff's recovery is barred by his own contributory negligence. In the alternative, he questions the amount of the damages awarded.
Liability.
The accident happened just after dark in a stock-law area of St. Martin Parish. A local ordinance prohibits livestock roaming at large on the blacktop highway where the accident occurred.
The proof admits of no doubt that the defendant Burke was the owner of the black cow with which the plaintiff Huval's car collided. Not only was the cow so identified by other witnesses, but the defendant Burke further made admissions to this effect in reclaiming the cow as his following the accident.
When a motorist collides with cattle on a stock-law highway, the burden of proof is on the cattle-owner to prove that he is free from negligence in permitting the livestock to escape from his land onto the highway. Bernard v. Hungerford, La. App. 3 Cir., 157 So.2d 246; Kupper v. Connolly, La.App. 1 Cir., 153 So.2d 915; Kennedy v. Frierson, La.App. 2 Cir., 142 So.2d 838; Colomb v. McDonald, La.App. 3 Cir., 131 So.2d 84; Parker v. Young, La. App. 1 Cir., 122 So.2d 699.
To meet this burden, the defendant Huval testified positively that his cows had been locked in his stockade that evening prior to the accident. He further testified that his pastures were surrounded by good cattle-proof barbwire fence. He produced four neighbors who testified generally that Burke's pasture fences were good and of the same sort as others maintained in the neighborhood.
However, the plaintiff Huval produced two other neighbors who testified positively that Burke's cattle often escaped into neighboring pastures and onto the blacktop highway through a gap or a coulee at the rear of the Burke fences. Another witness testified from his visible inspection that the fence was down or inadequate in several places, as a result of which it was possible for Burke's cattle to escape from his pasture and onto the blacktop highway. In addition, a school bus driver who traveled frequently on the highway, testified that Burke's cattle had been loose on the highway on many occasions during his personal experience.
Witnesses further testified that two of Burke's cattle, including the one that was struck, were present on the highway during the afternoon prior to the accident. Despite Burke's own positive testimony that less than an hour before the accident he had locked these two cows in his stockade a half mile from the highway, in actual fact they were present on the highway all afternoon, and, without a doubt, they were actually on the highway at the time of the accident.
We conclude that the defendant Burke has not borne his burden of proving that the cattle escaped onto the stock-law highway despite adequate safeguards taken by him, so that he was without fault. See Kennedy v. Frierson, La.App. 2 Cir., 142 So.2d 838, noting that a fence is only as strong as its weakest point and holding the cattle owner liable under similar circumstances.
*812 Defendant's able counsel further contends, however, that at any rate recovery for the plaintiff Huval should be denied on the ground of contributory negligence.
Huval, the only witness to the accident, testified that, as he was approaching within the legal speed limit, he saw two cows across the center of the highway in the other lane, angling towards the other (his left-hand) side of the road; that, as he slowed, one of them whirled suddenly into his path, so that he was unable to avoid striking it, even with a full application of his brakes. The evidence further indicates that, due to their coloring, the cows were most difficult to distinguish in the darkness.
Under these circumstances, the defendant has not borne its burden of proving the plaintiff motorist to be guilty of contributory negligence barring his recovery. "It is well settled that when an animal suddenly darts in front of an automobile traveling at a reasonable rate of speed on the highway, and the animal is struck before the driver can stop his car or swerve it so as to avoid the accident, the accident is said to be unavoidable and there is no liability [negligence] on the part of the owner or the driver of the automobile. * * *" Pickett v. Travelers Ins. Co., La. App. 3 Cir., 127 So.2d 547, 549-550, and many decisions cited therein. See also Kennedy v. Frierson, cited above.
Although defendant's counsel makes an extremely strong and well-reasoned argument that Huval's testimony in inconsistent or improbable, we think that, on the whole, the testimony is not so inherently improbable or inconsistent with the physical facts as to be unworthy of belief, especially since the trial court, in accepting the plaintiff's analysis of the evidence, apparently evaluated Huval's credibility favorably.
Quantum.
We find no merit in the suggestion of appellant that the following items of damages awarded were excessive or insufficiently proven:
1. Repair damages of $417.91 to automobile: These were proven by the actual testimony of the repairman who did them. The testimony of the investigating police officers and other witnesses is to the effect that the front end of the car was smashed by the impact following the accident, which also corroborates the extent of the damage for which recovery was allowed. The testimony of two witnesses for the defendant to the effect that they had found used instead of new parts had been used to repair the damage, upon their inspection of the vehicle following another accident nearly three months after the present impact, is of doubtful probative force and is insufficient to cause us to discard the sworn testimony adequately proving this item of damage following the first accident.
2. Medical expenses of $323.31: In the plaintiff's initial petition, which was filed less than three weeks after the accident, he had prayed for a total of only $226.91 medical expenses. However, the injuries required more medical treatment than at first estimated; his actual medical expenses, as proved by the record, amounted to the larger figure awarded. Although this was in excess of the amount prayed for, evidence as to these actual medical expenses was received without objection.
The trial court therefore properly awarded judgment for the full amount of medical expenses proved without objection. When no objection is made to evidence of special damages which are proved in a greater amount than prayed for, the pleadings are deemed enlarged to this extent; the amount of special damages so proven without objection may therefore be awarded, even though in an amount larger than that originally demanded by the petition. LSA-C.C.P. Art. 1154; American Steel Building Co. v. Brezner, La.App. 3 Cir., 158 So.2d 623; Wright v. Holder, La. App. 2 Cir., 72 So.2d 529.
*813 3. General damage of $1000 for pain and suffering: The evidence shows that the plaintiff sustained a sacroiliac strain causing him some pain and discomfort and which also manifested objective symptoms for at least five months after the accident. The award is certainly not excessive. See, e. g., Rice v. Traders & General Ins. Co., La.App. 1 Cir., 114 So.2d 92.
Decree.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the plaintiff-appellant.
Affirmed.