CULPEPPER, Judge.
This is a suit for damages arising out of an accident in which plaintiff’s automobile struck defendant’s cow on the highway. After a trial on the merits the district judge rejected both plaintiff’s demand for damages and defendant’s reconventional demand for the value of his cow. Plaintiff appealed. Defendant answered the appeal seeking judgment on his reconventional demand.
The accident occurred at about 11:00 p. m. on Louisiana State Highway 13, approximately 3 miles south of the City of Crowley, Louisiana. Plaintiff’s 17 year old son, accompanied by a young lady, was driving home from a Halloween party at a church, when he collided with a black an-gus cow owned by the defendant.
The first issue is whether the defendant was guilty of neglignce under the provisions of LSA-R.S. 3:2803 which provides that “No person owning livestock shall knowingly, willfully or negligently permit his livestock to go at large upon the following public highways of this state:”. Louisiana State Highway 13 is one of the routes listed.
It is now well established in our jurisprudence interpreting these statutes, that the burden is on the owner of the cow to prove that he did not negligently allow the cow to be present on the highway. Kupper v. Connolly, 153 So.2d 915 (La.App., 1st Cir. 1963) ; Colomb v. McDonald, 131 So.2d 84 (La.App., 3rd Cir. 1961); Parker v. Young, 122 So.2d 699 (La.App., 1st Cir. 1960); Raziano v. T. J. James & Co., La.App., 57 So.2d 251; Huval v. Burke, 160 So.2d 810 (La.App. 3rd Cir. 1964).
The facts here show that defendant kept about 40 cattle in a large fenced rice field adjacent to the highway. A lane ran from the highway down to a house occupied by defendant’s employee, Frances Menard. At the entrance to this lane a wooden cattle guard had fallen into disrepair and consequently was fenced across. A wire gate had been placed next to the old cattle guard. This “wire gate” did not operate on hinges but instead was simply 5 strands of wire, *742 about 18 feet long, with one end attached to a fixed post and the other end attached to a movable post which could be secured to another fixed post by wire hoops at the top and bottom.
On the night in question Frances Menard came home from a “supper” about 10:00 p. m. He testified he opened and closed the gap and didn’t know of any other persons entering the premises that night. It was only about one hour later that the cattle were on the highway and the accident occurred. There appears to be no question but that the cattle escaped through the wire gate which was found wide open toward the inside after the accident.
Other relevant facts are that the defendant knew this particular lane was often used as a “lovers lane” and that on previous occasions the gate had been left open and the cattle had escaped.
If Menard left the gate open, then of course his negligence is imputed to defendant as employer. If an habitue of the “lovers lane” left it open, then this was something defendant should have reasonably anticipated and taken steps to prevent, by a proper cattle guard, a better gate or one which could be locked. The district judge concluded defendant had failed to discharge his burden of proving freedom from negligence. We find no manifest error in this conclusion by the trier of facts who saw and heard the witnesses.
The next issue is whether plaintiff’s son was contributorily negligent. He testified he was driving down the highway at a speed of 50 to 60 miles per hour with his lights on low beam, when he noticed some cows standing in the ditch beside the road. He took his foot off the accelerator and then suddenly he saw several cows standing on the pavement. He applied his brakes but was unable to avoid striking the cow he killed.
It was a clear, dry night and there were no blinding lights of any approaching automobiles or any other impediment to the driver’s vision.
Plaintiff argues that his son was under no duty to anticipate the presence of cattle on this “stock law highway” and consequently was not guilty of any contributory negligence in failing to see the cow. He cites Huval v. Burke, supra, and several other cases which held the motorist free of contributory negligence but all of cited cases involved situations where the animal suddenly darted or moved onto the highway into the path of the motorist.
The cited cases are readily distinguishable from the present matter on the facts. Here there is no evidence whatever that the cow which was hit, or any of the other cows, moved suddenly onto the highway. Plaintiff’s son freely admitted that several cattle were standing in the highway as he approached. No cars were approaching, yet Abshire had his lights on low beam. This undoubtedly was a cause of his failure to see the cows in time to take evasive action. Under such circumstances the courts have uniformly held the motorist guilty of negligence. Peart v. Slocum, 142 So.2d 421 (La.App., 3rd Cir. 1962); West v. Southern Farm Bureau Casualty Ins. Co., 124 So.2d 321 (La.App., 3rd Cir. 1960) ; McGee v. Southern Farm Bureau Casualty Ins. Co., 125 So.2d 787 (La.App., 3rd Cir. 1960).
Despite the above cited jurisprudence contrary to his position, counsel for plaintiff argues that the trend of recent decisions, as required by modern day driving conditions, is to excuse the motorist from striking unusual objects in the road. We are aware that the so-called “assured clear distance rule”, requiring a night motorist to drive at such a speed that he can stop within the range of his vision, has been considerably eroded by a number of exceptions. There are several cases holding that a night motorist will not be held liable where he strikes a poorly visible negligent obstruction in the highway which is so unusual or extraordinary that he is not required to see or anticipate it. See Eubanks, *743 et al. v. Wilson, et al., 162 So.2d 842 (La.App., 3rd Cir. 1964), both the majority and concurring opinions, for a full discussion.
As we noted in Eubanks v. Wilson, each of these cases depends on its own particular facts. Here young Abshire was driving along the highway at a speed of 50 to 60 miles per hour, with his lights on low beam, although no cars were approaching. Several cows were standing on the pavement as well as along the shoulders. If young Abshire had turned his lights on high beam and if he had been keeping a proper lookout, there is no reason why he should not have seen this herd of cattle standing on tire road in time to stop or take evasive action. We think he was clearly contribu-torily negligent.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.