BOLIN, Judge.
Plaintiff owned a registered quarter horse mare which was killed when struck by an automobile driven by defendant. McDonald appeals from judgment rejecting his demands for $1400, the stipulated value of the mare.
The accident happened in Jackson Parish, during the daylight hours, as defendant was driving her car east on a blacktop highway. Plaintiff’s mare was being ridden by Mr. Gurvey Gunter.
We find the trial judge correctly resolved the issue of negligence in his written opinion when he stated:
“It appears from the evidence that Mr. Gunter and one Salma Grissom were riding horses along the side of this road when the plaintiff’s horse, ridden by Mr. Gunter, bolted onto the highway in such a manner as to cause its rider at least partially to lose control. At this point, the defendant was in excess of 200 yards from the horse, traveling toward it at about 35 miles per hour. She immediately took her foot off the accelerator of her car and began to slow down. As she approached the horses, it appears that Mr. Gunter got his animal off the road and onto the shoulder. As the defendant came to within approximately 20 feet of the horse, traveling 15 or 20 miles per hour, the horse again bolted onto the highway causing defendant to strike it with the right front side of her car.
“There is no basis for a finding of negligence on the part of the defendant. There had been no indication to her by either of the riders that the horses were out of control. She had slowed her vehicle to approximately 15 to 20 miles per hour and had pulled over into the left lane so as to give herself extra room in going around the horses, which were on her right on the shoulder of the highway as she approached them.”
When an animal suddenly darts in front of an automobile traveling at a reasonable rate of speed on the highway, and the animal is struck before the driver can stop or otherwise maneuver his automobile so as to avoid the collision, the accident is unavoidable and there is no liability on the part of the driver. See Pickett v. Travelers Insurance Co., (La.App. 3 Cir., 1961) 127 So.2d 547 and numerous cases cited therein.
We agree with the conclusion of the lower court that the accident was unavoidable and accordingly the judgment appealed from is affirmed at appellant’s costs.
Affirmed.