FRUGÉ, Judge.
Plaintiff, Martin Fontenot, instituted this action against Hartford Accident and Indemnity Company as automobile liability insurer of Edward J. Vallery, alleging that Vallery, through the negligent operation of his automobile, had struck and killed plaintiff’s cow. Plaintiff seeks recovery for the loss of the cow, for damage to his fence, the fence having been struck by the automobile, and for consequential damages. Defendant denies any negligence on the part of its insured, Vallery.
After trial on the merits, the district court entered judgment for the defendant based on a finding of lack of negligence by the driver of the automobile. Plaintiff has taken this appeal.
It appears the accident occurred about. 10 miles east of Oakdale, Louisiana, on Louisiana Highway 10 in the Parish of Evangeline. Apparently the accident occurred between the hours of 12:00 and 1:00 A.M., though there is some testimony that it occurred about two hours earlier. The *276 highway is blacktop and there is a curve in the proximity of where the accident occurred. The testimony conflicts somewhat as to the precise location of the point of collision. There are occasional road signs warning motorists of the presence of livestock in the area. The highway is not subject to the Louisiana State Stock Law. LSA-R.S. 3:2801 et seq.
Vallery, the driver of the automobile, was the only eyewitness to the accident. He testified that he was proceeding westerly on Highway 10 at a speed of approximately 55 to 60 miles per hour on the straight stretches of highway. On seeing a sign alerting motorists to a cui've he slowed his automobile to a speed of about 45 miles per hour. Vallery testified that he did not see the cow until it came up on the shoulder of the road when his automobile was about 20 feet away. He stated that the cow ran onto the highway and was struck a glancing blow by the right side of his automobile.
Vallery’s automobile left the highway and came to rest across a ditch in the field of plaintiff, the car having passed through a wire fence. The cow lay dead in the ditch on the north side of the highway. Vallery testified that he was not familiar with Highway 10 and had not been aware of the signs warning of the presence of livestock.
Plaintiff testified that from observing the scene of the accident he noticed marks left on the highway by the skidding of the cow on the left lane or south lane of the highway. Plaintiff argues that this shows the accident did not occur as related by the driver, Vallery. Plaintiff further testified that he smelled alcohol on Vallery’s breath after the accident and that Vallery appeared to be intoxicated.
The investigating police officer, Floyd Fontenot, placed the point of impact at near the center of the highway. His testimony generally corroborates Vallery’s version of the accident. He testified that Vallery smelled of alcohol but did not appear to be intoxicated. Vallery admitted to having drunk one or two beers during the course of the evening.
The trial judge concluded that plaintiff had failed to carry the burden of proof establishing that the accident was proximately caused by any negligence on the part of Vallery.
It is well settled that when an animal suddenly darts in front of an automobile traveling at a reasonable rate of speed and the animal is struck by the automobile before the driver can stop or so maneuver his vehicle as to avoid the collision, the accident is unavoidable and there is no liability on the part of the driver. McDonald v. Traylor, La.App. 2d Cir., 170 So.2d 157; Pickett v. Travelers Insurance Company, La.App. 3d Cir., 127 So.2d 547. In the Pickett case the driver of the automobile had much more warning and opportunity to act than did Vallery, yet this court reversed the judgment of the trial court and held for the defendant.
We have thoroughly reviewed the record and are in accord with the district judge’s holding that plaintiff has failed to prove the accident was caused by any negligence on the part of defendant’s insured. For the reasons set forth in this opinion, the judgment of the district court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.