SAVOY, Judge.
This is an action in tort arising out of a collision between an automobile owned by Horace Rider and insured by Allstate Insurance Company, and a horse owned by Evans J. Gillard, Jr. and insured by Planet *629 Insurance Company. The accident occurred on the night of May 18, 1966. Rider was driving a Volkswagen automobile at a speed of approximately 55 miles per hour in a northerly direction on Louisiana Highway 385 commonly referred to as the Gulf Highway. Prior to and at the time of the accident Noble McGee was a guest passenger in the Rider vehicle. Shortly before the accident a white horse owned by Gillard was traversing the highway at a slow rate of speed from west to east. The horse had almost completed crossing the highway when Rider struck the horse a glancing blow and swerved his vehicle to the west across the road and struck an object, causing the alleged injuries herein. Made defendants in the suit are the insurers of Rider and Gillard.
The instant case was tried before a jury and resulted in a verdict of $10,000.00 in favor of plaintiff and against defendants in solido. From this judgment both defendants have appealed. Since the rendering of the district court judgment Noble McGee departed this life, and Mrs. Noble McGee, Donald McGee and Larry McGee have been substituted as parties plaintiff.
We will first discuss the negligence of Rider. Although the cattleowner in a stock-law area has the burden of proving his freedom from negligence when a car collided with his stock, Huval v. Burke, 160 So.2d 810 (La.App. 3 Cir.1964); nevertheless, the motorist’s own negligence may contribute to the accident through his failure in reasonable lookout to observe the cattle standing on the road and to take proper evasive action. Abshire v. Hoffpauir, 169 So.2d 740, 741 (La.App. 3 Cir.1964). We are unable to find that the trial jury committed error in holding the motorist’s negligence contributed under the circumstances to the accident.
The evidence reflects that on the night in question the weather was clear, and the highway was in good condition. We are of the opinion that Rider was negligent in not keeping a proper lookout, and that had he done so, he could have avoided the accident. We therefore find Rider negligent, which negligence was a proximate cause of the accident, making his insurer, Allstate Insurance Company, responsible for his actions.
We will next discuss the negligence of Evans J. Gillard, Jr., the owner of the horse involved in the instant case. There was introduced in evidence an ordinance of the Parish of Calcasieu, Louisiana, showing that a stock law was in effect in the vicinity of the accident in question. In Abshire v. Hoffpauir, 169 So.2d 740 (La.App. 3 Cir.1964), we said:
“It is now well established in our jurisprudence interpreting these statutes, that the burden is on the owner of the cow to prove that he did not negligently allow the cow to be present on the highway. * * (Citations omitted.)
The evidence reflects that Gillard had entrusted the horse to some friends for safekeeping; however, from the evidence in the record, it appears that the fence in which the horse was kept was not in very good condition, and this made it possible for the horse to escape onto the highway. We therefore conclude that the owner of the horse was also negligent, which negligence was a proximate cause of the accident, and that the insurer, Planet Insurance Company, is liable in damages to plaintiff.
The next question for determination is whether the award of $10,000.00 granted to plaintiff by the jury was excessive.
Prior to the accident McGee had been hospitalized from April 20 through April 23, 1966, at St. Patrick’s Hospital, by his physician, Dr. Robert O. Emmett, who diagnosed plaintiff’s condition as acute rheumatoid arthritis. Dr. Emmett testified that on May 18, 1966, McGee stated that he was in a car wreck which is the subject of this suit. McGee had a flare-up of fever and arthritis and was again hospitalized in St. Patrick’s Hospital on June 15, 1966, and remained there until July 4, 1966. In Dr. *630 Emmett’s testimony there is no mention of McGee ever complaining of any neck or back trouble resulting from the automobile accident. On the last visit to St. Patrick’s Hospital, Dr. Emmett called in Dr. John K. Griffith, Jr., a specialist in internal medicine, who diagnosed McGee’s condition as disseminated lupus erythemataosis. This is described by the doctors as a disease of the connective tissues and small blood vessels in the bocty and is terminal. On examination at the trial Dr. Emmett testified that he was of the opinion that the plaintiff’s symptoms were aggravated by the accident.
Plaintiff was under Dr. Griffith’s care from the time the disease was diagnosed and for approximately a year thereafter. Dr. Griffith testified that McGee never mentioned the accident to him while he was under treatment. He was of the opinion that the trauma caused by the accident did not precipitate or aggravate the condition from which McGee was suffering. He also testified that he first saw McGee on June 20, 1966, and treated him until July 17, 1967.
Dr. Wilson D. Morris, a general practitioner, examined plaintiff on December 23, 1966. His examination showed tenderness of the lower cervical, upper dorsal vertebrae, with spasms of the para-cervical muscles. Dr. Morris was under the impression that McGee was suffering from lupus erythemataosis and arthritis of the spine. He testified that because of his one examination, he was not qualified to state whether the automobile accident had aggravated the arthritic condition of McGee.
Dr. Irving Singer, a specialist in internal medicine, testified that he first examined McGee on June 20, 1966, at St. Patrick’s Hospital, and that his diagnosis was the same as that of Dr. John K. Griffith, Jr. His opinion was that the automobile accident did not affect the disease from which McGee was suffering, but the fact that he had a serious illness might have made his recovery from the injuries of the accident slower than one would expect in a healthy person. He found on examination that McGee had a full range of motion of the neck; that there was a mild tenderness of the left trapezius muscle and mild tenderness in the area of the seventh cervical vertebra. These were the only findings which he could call residual of the injury; that the physical findings were minimal; and that a large portion of the diagnosis was based on what plaintiff told him about his condition.
Several large drug bills were introduced in evidence. From the record it is apparent that the majority of these drug bills was connected with disease from which plaintiff was suffering and not from the automobile accident. This, in this Court’s opinion, influenced the jury in making this large award. Defendants applied for a new trial. The trial judge stated that he thought the award was excessive, but that he would not have the case retried as this Court could adjust the award if necessary.
In view of the medical testimony, we are of the opinion that the jury abused the great discretion vested in it, and that an award of $3,500.00 is reasonable under all the circumstances therein. The award is accordingly reduced from the sum of $10,-009.00 to the sum of $3,500.00.
For the reasons assigned, the jury award and the judgment of the district court is amended so as to substitute M-rs. Noble McGee, Donald McGee and Larry McGee as plaintiffs in the place of their deceased husband and father, Noble McGee; and is also amended so as to reduce the judgment against the defendants, Allstate Insurance Company and Planet Insurance Company, from the sum of $10,000.00 to the sum of $3,500.00; and as amended, the judgment is affirmed at appellee’s costs.
Amended and affirmed.