131 So.2d 84 (1961)
Andrew COLOMB et al., Plaintiff-Appellants,
v.
Berwick McDONALD, Jr., Defendant-Appellee.
No. 243.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1961.
Rehearing Denied June 13, 1961.
*85 Davidson, Meaux, Onebane & Donohoe, by Silas B. Cooper, Jr., Lafayette, for plaintiff-appellant.
Armentor & Resweber, by Minos H. Armentor, New Iberia, for defendant-appellee.
Before TATE, FRUGE, and SAVOY, JJ.
FRUGE, Judge.
This action was instituted by Andrew Colomb and the collision insurer of his vehicle, Lumberman's Mutual Casualty Company, against Berwick McDonald, Jr., to recover the amount of $50 for Colomb and $425.17 for the insurer. These amounts represent the cost of repairing Colomb's car after it allegedly was damaged as a result of an accident with the defendant's cow on a public highway in Vermillion Parish, Louisiana.
The defendant, McDonald, denies the ownership of the animal and further alleges that his cows cannot escape the pasture where they are kept and that he never permitted his cattle to roam at large. Alternatively, he pleads contributory negligence of plaintiff's son, who was the driver of plaintiff's vehicle.
Judgment was rendered in favor of the defendant, rejecting plaintiff's demands and from said judgment plaintiffs perfected this appeal.
The accident in question occurred at approximately 11:00 o'clock on the night of September 19, 1959 on the Erath-Youngsville Highway, which is a blacktop highway, while plaintiff's son was returning home.
Plaintiff's son, the driver of the automobile, testified that he was proceeding home on the night in question; that while proceeding home, a car approached from the other direction and he was temporarily blinded and that immediately after passing the other vehicle which was approaching from the opposite direction, he saw the cow in question which was approximately 20 to 25 feet away from him. He testified that he could not do anything to prevent the accident and immediately hit the cow which was thrown on the hood of his vehicle and carried it several feet before it fell from the vehicle into a ditch on the left side of the road.
The evidence reveals that the animal in question was branded with defendant's brand, but defendant denies that it was his animal.
The defendant testified that the next day he drove down this particular highway and looked at the animal. He states that it was not one of his cows because on this date he went into his pasture and examined the animals and found that all of his animals were present in his pasture. He further testified that he examined all of his gates and fences and they were all intact and that it was impossible for any of his animals to escape. His testimony was corroborated by one of his friends who also kept cattle in the pasture in which defendant's *86 cattle were in and who testified that he made an inspection of the cattle and fences practically daily. Another witness who farmed property adjacent to the property in which the defendant's cattle were enclosed testified that defendant's fences were good and that he had never known of any cattle to escape from defendant's pasture. The fence enclosing the defendant's cattle was a standard four-strand barbed wire fence with posts eight feet apart.
The evidence further revealed that it was common practice for one to sell cattle at auction barns and also to private individuals and that the brands on the animals were not changed but the original brands were kept on the animals.
The highway where the accident occurred was what is commonly known as a "stock-law highway" as the police jury of Vermillion Parish had enacted an ordinance prohibiting the roaming of cattle on the highway in question.
The lower court found that the defendant was not negligent in allowing the cow in question to escape, if in fact the cow belonged to defendant and, accordingly, rejected plaintiff's demands.
The jurisprudence of the State of Louisiana reveals that the ownership of an animal does not per se render its owner liable for the damage the animal might cause on a "stock law highway" but the ownership must be coupled with some degree of negligence contributing to the damage before the owner can be held liable. In the case of Raziano v. T. J. James & Company, Inc., La.App., 57 So.2d 251, 254, the Court stated:
"Under the rules which emerged from the common law the owner of domestic animals possessed a duty which was absolute to keep them contained within his own premises and he was strictly liable for their trespass on another's land if he failed to do so. `Where my beasts of their own wrong without my will and knowledge break another's close I shall be punished, for I an the trespasser with my beasts.' 12 Hen. VII, Keilway 3b Accord; McKee v. Trisler, 1924, 311 Ill. 536, 143 N.E. 69, 33 A.L.R. 1298; Drew v. Gross, 1925, 112 Ohio St. 485, 147 N.E. 757; Fox v. Koehnig, 1926, 190 Wis. 528, 209 N.W. 708, 49 A.L.R. 903. Therefore, the obligation rested on the owner of domestic animals to fence his stock in and no burden was imposed upon his neighbor to keep them out.
"The State of Louisiana has enacted no general statute forbidding the owners from indulging in the custom of allowing their stock to roam at large, but vests this power in the Police Juries of the respective parishes who may enact ordinances to accomplish the desired result. In this connection Article 2321 of the Louisiana Civil Code of 1870 is significant. It provides: `The owner of an animal is answerable for the damage he has caused * * *.'
"It would, therefore, appear per se that Article 2321 would impose an absolute liability upon the owner of an animal, irrespective of the existence of any ordinance; however, that article has been interpreted as subject to the negligence or fault requirements of Articles 2315 and 2316 of the Civil Code. Tillman v. Cook, La.App.1941, 3 So.2d 230. This interpretation is enunciated in Tripani v. Meraux, 1936, 184 La. 66, 165 So. 453, 455, wherein the opinion it is stated `although article 2321 of the Civil Code declares, unqualifiedly, that the owner of an animal is answerable for the damage he has done, the interpretation which has been put upon this article, consistently, by this court, is that the owner of an animal is liable for damages done by the animal only in cases where the owner was guilty of some fault or negligence in his ownership or possession of the animal.' A fortiori, the burden of proof is on the owner to *87 show that he was without the slightest fault and did all that was possible to prevent the injury. Bentz v. Page, 115 La. 560, 39 So. 599; Damonte v. Patton, 1907, 118 La. 530, 43 So. 153, 8 L.R.A.,N.S., 209, 118 Am.St. 384, 10 Ann.Cas. 862; Boudreau v. Louviere, La.App.1938, 178 So. 173. However, the presumption of fault is a rebuttable one. Mercer v. Marston, 1923, 3 La.App. 97; Matthews v. Gremillion, La.App.1937, 174 So. 703."
The burden is on the cow-owner (defendant in this case) to exculpate himself from liability by proving that he is free from negligence. Moreover, his responsibility to keep his cattle off "stock-law highways" is considerable. In the case of Parker v. Young, La.App., 122 So.2d 699, 703, the Court stated:
"The district judge allowed plaintiff to prove the facts surrounding the accident itself and then plaintiff closed his case. Defendant's motion for a directed verdict at this stage in the trial was overruled. Defendant's attorney then introduced evidence in an effort to show that defendant's negligence was not the cause of the cow's presence on Highway 190 at the time of the wreck.
"On appeal, counsel for defendant contends that this puts a terrific burden upon cattle owners similar to the burden of proof found in cases applying the doctrine of res ipsa loquitur.
"The only burden which defendant has is to prove that the presence of the cow on the highway did not result from defendant's negligence. This burden is placed upon defendant by the pertinent statutory law, as discussed above. Having submitted such proof, defendant also has the right to submit proof of negligence on the part of the plaintiff.
"It would completely vitiate a stock law if the burden of proof of defendant's negligence were placed upon the passing motorist who strikes a cow on an open highway. The proof of where, when, and how the cow escaped from the enclosure is logically and fairly placed upon the individual who has a duty to keep that cow within a proper enclosure."
The Trial Judge found that there was no evidence to impute any negligence to the defendant; that there was no evidence that the cow involved in the accident escaped from defendant's pasture and further found that no cattle ever escaped from his pasture or that they could escape.
We have carefully read the record and conclude, as did the trial judge, that defendant has successfully rebutted the presumption of negligence against him and plaintiffs' case necessarily falls. Therefore, it has become unnecessary for us to consider the other aspects of the case.
Accordingly, the judgment appealed from is affirmed at appellants' costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.