157 So.2d 246 (1963)
Eli BERNARD et al., Plaintiffs-Appellees,
v.
Adam A. HUNGERFORD et al., Defendants-Appellants.
No. 957.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1963.
Rehearing Denied November 20, 1963.
*247 Hall, Raggio & Farrar, by R. W. Farrar, Jr., Lake Charles, Edwards & Edwards, by Edwin W. Edwards, Crowley, for defendants-appellants.
Bass & Lawes, by Eugene H. Lawes, Lake Charles, Howard Sadler, Port Arthur, Tex., for plaintiffs-appellees.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
This is a suit for damages by Eli Bernard as administrator of his community and on behalf of his minor children, Rosemary Bernard and Steven Bernard, and by his wife, Virginia Ann Bernard, against Adam Hungerford, Farmers' Insurance Exchange and Southern Farm Bureau Casualty Insurance Company.
The suit resulted from an accident which occurred at approximately 7:00 P.M. on December 26, 1960, on U. S. Highway 90, about five miles east of Lake Charles, Louisiana. An automobile belonging to Eli Bernard was being driven by his brother-in-law, Paul Morgan, with Bernard's permission. Passengers in the automobile were Virginia Ann Bernard and her three minor children, Rosemary Bernard, Steven Bernard and David Bernard. While proceeding in an easterly direction, the car struck a cow which was on the highway, swerved to the left and overturned in the ditch along the side of the road. As a result of the accident, Virginia Ann Bernard, Rosemary Bernard and Steven Bernard *248 allegedly received certain injuries. Suit was brought against Adam Hungerford, the alleged owner of the cow; Southern Farm Bureau Casualty Insurance Company, Hungerford's liability insurer; and Farmers' Insurance Exchange, liability insurer of the automobile owned by Eli Bernard.
The case was tried before a jury which rendered judgment for the plaintiffs against all defendants. From this judgment, defendants have appealed. In their answer to the appeal, plaintiffs seek increased damages.
Defendant Farmers' Insurance Exchange contends that the driver of the automobile, Paul Morgan, was not negligent in colliding with the cow. Certainly, if the animal was on the highway at a time when the driver did not or should not have seen it, the driver was not negligent. Anderson v. Bendily, La.App., 66 So.2d 355. But in the present case, it is apparent that the driver was not exercising ordinary care and prudence. There is evidence that he was glancing around and not paying proper attention to the road ahead of him. Because of this, we feel that the jury reasonably concluded that the accident was not unavoidable.
In determining negligence of the driver, defendant contends that this court is not bound by the rule of manifest error. Defendant argues that since the testimony of the driver, Paul Morgan, was presented to the trial court by deposition, the jury had no more of an opportunity to weigh his credibility than this court does. It cites our holding in Terrell v. American Automobile Insurance Co., La.App., 125 So.2d 189, as authority for this proposition. The factual determinations of the trial court will not be disturbed on review in the absence of manifest error. Even if some of the witnesses testified by deposition, nevertheless the trial court's determination is also to some extent based on the evaluation of the testimony of the plaintiff himself, who testified in person. Further, the presumption on appeal is that the district court judgment is correct and decided according to law, so that the appellant has the burden of showing the contrary. Cryer v. Ring, La.App., 149 So.2d 451. In the present case, there was testimony by plaintiff Virginia Ann Bernard regarding the negligence of the driver, Paul Morgan. The trial court's determination of negligence of the driver was undoubtedly based somewhat on the testimony of plaintiff Virginia Ann Bernard, who testified in person. Under the rule of the Cryer case, supra, we feel that the manifest error doctrine is applicable to the present case. Further, we find no manifest error in the findings of the trial court.
Defendants Adam Hungerford and Southern Farm Bureau Casualty Insurance Company argue that the plaintiffs did not discharge their burden of proving that the cow which was struck actually was the property of the defendant Hungerford. We feel that an examination of the record shows otherwise. A state police officer went to the scene of the accident and found a numbered tag in the cow's ear. The tag had been placed on the cow at the auction barn. The cow had been sold to the defendant Hungerford. Further, evidence was presented showing that the cow was killed near a place where Hungerford maintained pastures. In addition, the evidence shows that the cow had not been resold by Hungerford prior to the accident. On the basis of this evidence, we feel that the jury correctly concluded that the cow in question was the property of the defendant Adam Hungerford.
Defendants Adam Hungerford and Southern Farm Bureau Casualty Insurance Company further contend that even if the animal in question was the property of the defendant Hungerford, there was no showing that Hungerford was negligent in his ownership or possession. The ownership of the animal alone does not render the owner liable for damages without evidence that he was negligent. Tripani v. *249 Meraux, 184 La. 66, 165 So. 453; Colomb v. McDonald, La.App., 131 So.2d 84. However, U. S. Highway 90 is what is commonly referred to as a "stock law highway" under LSA-R.S. 3:2803 which prohibits livestock going at large upon certain public highways in the state. Under this statute, it has been held that the burden of proof is on the owner of the animal to exculpate himself from liability by proving that he is free from negligence. Colomb v. McDonald, La.App., 131 So.2d 84; Parker v. Young, La.App., 122 So.2d 699. In the present case, the evidence is conflicting as to whether the defendant Adam Hungerford kept adequate fences to prevent his cattle from escaping on the highway. The record shows that there was a barbed wire fence along the south side of the highway and another fence about a quarter of a mile south of the highway. The fence running along the highway was inadequate. Witnesses for the defense, including the defendant Hungerford, testified that Hungerford did not keep any cattle pastured between these two fences, but only kept them south of the fence located a quarter of a mile from the highway. However, a witness for the plaintiffs, an employee of the Louisiana Department of Highways, testified that Hungerford did have cattle between the two fences. From our reading of the record, and considering that the trial court was in a better position to weigh the credibility of the testifying witnesses, we feel that the jury was not manifestly erroneous in concluding that the defendant did not discharge his burden of proving himself free from negligence.
All defendants in the present case contend that if there was negligence, plaintiff Virginia Ann Bernard is nevertheless barred from recovery because of her contributory negligence. Defendants argue that she diverted the attention of the driver by placing a road map on her lap and holding it so that the driver could glance at it.
The general rule is that a guest in a vehicle is free to rely on the skill of the driver for safe transportation. There must be a finding of independent negligence on the part of the guest before he can be held contributorily negligent. Herget v. Saucier, 223 La. 938, 67 So.2d 543; Aaron v. Martin, 188 La. 371, 177 So. 242; Lorance v. Smith, 173 La. 883, 138 So. 871; Vidrine v. Southern Farm Bureau Casualty Insurance Co., La.App., 105 So.2d 279. Counsel cites the Louisiana cases of Lorance v. Smith, supra, and Solomon v. Davis Bus Line, La.App., 1 So.2d 816, and two cases from other jurisdictions, State, to Use of Brandau v. Brandau, 176 Md. 584, 6 A.2d 233, and Campbell v. Campbell, 316 Pa. 331, 175 A. 407, in support of his contention. We feel that the present case is distinguishable from these cases. In Lorance, the guests voluntarily agreed to ride in an overcrowded automobile; in Solomon, the guest suggested the driver cross to the wrong side of the road; in Brandau, the guest distracted the driver by asking him to open a bottle; and in Campbell, the guest asked the driver to look at some papers. In the Lorance case, the guests voluntarily agreed to enter an automobile when they knew that their presence would make the vehicle overcrowded and unsafe. In each of the other cases, there were independent acts on the part of the guest requesting or suggesting that the driver take certain action. In the present case, the record indicates that there was no request by the plaintiff that the driver help her read the road map. It appears that his glancing at the map was his own voluntary act. Therefore, we find that the trial court was correct in finding no contributory negligence on the part of plaintiff Virginia Ann Bernard.
Defendants Adam Hungerford and Southern Farm Bureau Casualty Insurance Company further contend that the plaintiff Virginia Ann Bernard was an owner of the vehicle as well as a passenger, and therefore her theoretical right of control over the vehicle imputes the negligence of the driver to her thereby barring her from recovery because of contributory negligence. *250 This matter was recently discussed by the Supreme Court in Gaspard v. LeMaire, La., 158 So.2d 149. In that case the court stated as follows:
"We cannot subscribe to these holdings if they are intended as seems to be the case, to impose a bar to recovery by the owner-passenger (or even a borrower-passenger, see Monroe v. Heard (La.App.) 168 So. 519) against a negligent third person by imputing to him the negligence of the driver of his car solely on the ground that he had a theoretical right of control over such driver. It is unrealistic to hold, in the present day uses of motor vehicles when heavy traffic is the rule and not the exception, that the occupant of a motor vehicle has factually any control or right of control over the driving of the operator. Therefore, in the absence of a relationship of principal and agent or other legal relationship for which responsibility is imposed on one of the parties for the fault of the other or of independent contributory negligence of the passenger, or a showing that the parties were engaged in a joint adventure, no cogent reason exists for denying to the injured passenger recovery against a third person who has been guilty of negligence having causal connection with the accident."
We feel that this recent expression of the Supreme Court is applicable to the present case. Virginia Ann Bernard should not be denied recovery merely because of her husband's ownership of the automobile. Nor does this case come within any of the exceptions set forth by the Supreme Court in the Gaspard case. Insofar as the present case is concerned, Virginia Ann Bernard occupied the position of a guest passenger, and the negligence of the driver, Paul Morgan, is not to be imputed to her.
Defendant Farmers' Insurance Exchange further contends that it is free from liability on the grounds that the driver, Paul Morgan, colluded with Virginia Bernard to the detriment of the insurance company, thereby breaching the cooperation clause of the policy. Defendant's contention is based on statements made to insurance adjusters shortly after the accident, in which both the driver and plaintiff Virginia Ann Bernard gave statements to the effect that the driver could have done nothing to prevent the accident, while at a later date both gave depositions and stated that the driver had been glancing at a road map. In order for an insurance company to deny liability because of a breach of the cooperation clause, the breach must be material and prejudicial. Freyou v. Marquette Casualty Co., La.App., 149 So.2d 697, 703; Baham v. Stilley, La.App., 122 So.2d 884; Broussard v. Broussard, La. App., 84 So.2d 899; Levy v. Indemnity Insurance Co., La.App., 8 So.2d 774. Whether a cooperation clause has been breached or not is generally a question of fact that must be determined by the facts of each case. Levy v. Indemnity Insurance Co., supra, Lindsey v. Gulf Insurance Co., La. App., 7 So.2d 757. A change by the insured from a favorable version given right after the accident to a more unfavorable version some time later does not necessarily constitute a breach of the cooperation clause. Freyou v. Marquette Casualty Co., supra. In the instant case, we do not feel that there was evidence to support collusion or lack of cooperation to the extent that it would absolve the insurer from liability. There is no evidence in the record that the driver, Paul Morgan, refused to cooperate. Further, the alleged conflict in the statements does not appear to have materially prejudiced the insurer in the defense of its case. Under these circumstances, we cannot say that the trial court was manifestly erroneous in holding that there was not such a material breach in the cooperation clause of the policy so as to absolve the insurance company from liability.
The trial court rendered judgment in favor of Virginia Ann Bernard against all *251 defendants in solido in the amount of $20,000, recovery against Farmers' Insurance Exchange being limited to the policy limits of $5,000, plus interest. The court rendered a judgment of $4,000 in favor of Eli Bernard against Adam A. Hungerford and Southern Farm Bureau Casualty Insurance Co. to cover Virginia Ann Bernard's medical expenses and other expenses of the community due to her illness. The court also rendered a judgment of $75 in favor of Eli Bernard against all defendants in solido by reason of injuries sustained by Bernard's minor child, Rosemary Bernard, subject to a credit in favor of Farmers' Insurance Exchange in the amount of $20. The court refused to award any damages for the pain and suffering allegedly sustained by the minors Rosemary Bernard and Steven Bernard.
Virginia Ann Bernard was thirty-two years old at the time of the accident. According to the medical testimony, she received serious facial injuries, fracture of the nose, injury to her cheek bone, injury to her left eye, injury to her leg, and a permanent back injury. Seven of her teeth were knocked out and she later lost all of her remaining lower teeth. She sustained a loss of feeling in the side of her nose and the upper lip. She experienced double vision. It was necessary to rebuild her eye socket and the structure of the side of her face, both superficially and structurally. She spent three days in one hospital after the accident and was then transferred to another hospital where she remained about a week. After returning home she remained in bed approximately three weeks. Later, she was operated on and spent another week in the hospital. She will need additional operations. She has been experiencing nervousness since the accident and one physician stated that there was a possibility that she might have to submit to psychiatric hospitalization at least once a year for the rest of her life. Because of the extent of these injuries, we feel that the trial court's award of $20,000 was neither excessive nor inadequate.
The record indicates that Eli Bernard has expended over $3,000 in connection with his wife's injury. Further, the record indicates that she will need more medical and surgical treatment and may need mental treatment. Under these circumstances, we feel that the trial court's award of $4,000 was neither excessive nor inadequate.
The trial court awarded $75 to Eli Bernard to cover medical expenses in connection with the injury to his minor child, Rosemary Bernard. The record indicates that her tooth was chipped, and it cannot be capped until she reaches the age of eighteen. We feel that the award of $75 was neither excessive nor inadequate.
For the foregoing reasons, the judgment appealed from is affirmed, with costs of appeal to be paid by the defendants.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.