ELLIS, Judge.
This suit arises out of an automobile accident which occurred on May 27th, 1961 on U. S. Highway 190 when the automobile being driven by Walter Effler and owned and occupied by the plaintiff, who was riding in the front seat of the automobile, collided with a horse while being driven approximately one mile east of the city limits of Hammond, Louisiana.
On May 12, 1962 plaintiff, who was at that time Lillie Tullos Pugh, filed suit against The Travelers Indemnity Company, her liability insurer, alleging eight different acts of negligence on the part of the driver of the automobile, Walter Effler, insured under the omnibus clause. Plaintiff also sued for statutory penalties in accordance with the provisions of LSA-R.S. 22:657 providing for double the accident benefits due under the terms of the policy, and reasonable attorneys fees which plaintiff seeks in the amount of $1500.00 for the failure of defendant to pay the amount due and owing petitioner under the medical payments coverage of the policy of insurance.
On February 21st, 1963 at a pre-trial conference defendant tendered payment of plaintiff’s medical expenses in the amount of $649.82 (plaintiff sued for $674.82) which was refused.
The case was duly tried and resulted in a judgment on the 15th day of May, 1963 rejecting the demands of the plaintiff for damages for personal injuries alleged and sued upon herein and recognizing and maintaining the demands of the plaintiff for medical expenses incurred in the amount of $652.63 and denying statutory penalties and requiring the plaintiff to pay all costs of this proceeding. From this judgment the plaintiff has appealed.
We find the lower court was correct in denying damages for personal injuries to the plaintiff, based upon the alleged negligence of Mr. Effler, driver of the automobile at the time of the accident, for under the facts as revealed by the record Effler was not guilty of any negligence. On this point the record shows Effler was driving at approximately 50 to 55 miles per hour in his own lane of traffic, with his headlights on dim, and shortly before the accident happened he leaned over to adjust the radio and while so doing he first saw the horse at a distance of 50 to 75 feet. While he testified he did not know whether the horse was moving or not, but that it was then at the edge of the road,, he gave a statement to an insurance adjuster in which he stated the horse came-running out of the side road and into-the path of the automobile. Whether the-horse was at the edge of the pavement or came out of a side road and had gotten-to the edge of the pavement at the time-Effler saw him is immaterial. He was under no duty to anticipate stock upon this-highway right-of-way and there is no testimony to show he should or could have seen this animal back from the main highway in time to have avoided the collision. The accident happened at approximately the center of the highway due to the fact Mr. Effler cut sharply to his left and applied his brakes just before It occurred, in an attempt to avoid striking this horse. Plaintiff’s testimony corroborates that of Mr. Effler and in no way convicts the driver of negligence. In addition, this accident happened near midnight on a highway which is a “stock law highway.” See Parker v. Young, 122 So.2d 699, La.App.1960. We are convinced as was the trial judge that this horse was moving toward and into the highway at the moment plaintiff and Effler first saw him, and there is nothing to prove the latter could and should have seen him prior to such time so as to positively or reasonably be expected to avoid the collision. The Lower Court was therefore correct in denying plaintiff’s claim for personal injuries.
*375 As to the plaintiff’s suit for her medical ■expenses under the medical payment clause of the policy as well as penalties and attorneys fees because of the failure and refusal of the defendant to pay her medical •expenses, as the law directs, there is no doubt but that the record shows the defendant was aware of some of the plaintiff’s medical expenses prior to the filing •of the suit. It is true all bills for medical •expenses incurred by the plaintiff-appellant had not been furnished to the defendant insurance company at the time the suit was filed. It is also a fact plaintiff had received most of the bills for medical expenses and had demanded through the agents of the defendant company that they he paid. Plaintiff even received letter threatening suit on some of these bills and yet they were not paid. The defendant insurance company defends their failure to pay the medical bills presented by the plaintiff on the ground all the medical hills were never presented and if they paid part of them and they amounted to more than $1000.00 they would be liable for the surplus. In other words, where the medical bills amount to more than the coverage, payment should be withheld until all hills are in and the amount prorated by the insurance company. We find no merit in this contention as the contract of insurance was personal to the plaintiff and there is no privity of contract with a third party. They were under an absolute obligation to pay to plaintiff or her assigns medical bills not to exceed $1000.00. In this case the defendant insurance company •could have issued a check to the plaintiff or complied with her request to pay direct upon presentation of a medical bill. When the insurance company had paid out the full amount of $1000.00 their obligation would have been fully satisfied under the terms of the policy.
The defendant insurance company further defends upon the ground it tendered at a pre-trial conference in cash the sum •of $649.82 which it contended covered all medical bills submitted to defendant. This tender was made on February 21st, 1963 in the sum stated, whereas the suit was filed on May 12, 1962 in which plaintiff itemized medical bills in the amount of $674.82, and the court rendered judgment for $652.63 as the medical expenses due plaintiff. Thus, the plaintiff received a judgment for $22.19 less than she had sued for on the medical expense item, and $3.81 more than the defendant insurance company tendered. Although counsel for plaintiff vigorously contends the alleged tender was not in accordance with law, we deem it unnecessary under the facts of this case to decide this question. The refusal of the defendant insurance company to pay the medical bills presented by the plaintiff amounting to more than half the amount of such medical expenses as found due by the court was without “just and reasonable grounds.” The record reveals the insurance company in this case made no effort to cooperate with the plaintiff or pay any of her medical expenses as presented to them subsequent to the accident which occurred May 27, 1961 to the date of the filing of the suit on May 12, 1962, although at that time they had already had many requests from the plaintiff to pay medical bills amounting to more than half those finally found to be due by the court. Even after the suit was filed on May 12, 1962 in which all the bills were listed they made no effort other than the alleged tender on February 21, 1963 to ascertain the correctness of the bills listed in the suit which were within $22.19 of the correct amount incurred and due by plaintiff. On the last date mentioned their alleged tender was insufficient by $3.81, of covering the total amount of the medical expenses actually incurred and due by plaintiff and by the defendant under its contract of insurance.
Counsel for plaintiff in his brief and in argument conceded the correctness of the trial judge’s award of $652.63 for past medical expense incurred and due by plaintiff as a result of the accident and in turn due by the defendant insurance com *376 pany to the plaintiff under its contract but additionally asks that the judgment be increased to $1000.00 to cover future medical expenses. There is no proof in the record as to the cost of any future medical expenses.
On the question of attorney fees, the record shows a great part of the work done by counsel was on the question of liability and for that reason we believe a fee of $500.00 would be reasonable.
Having determined the failure of the defendant insurance company to pay the medical claim in accordance with LSA-R.S. 22:657 was not based upon “just and reasonable grounds” the defendant insurance company is subjected to a penalty payable to the plaintiff of double the amount of her medical costs, together with attorney fees which have heretofore been determined by the Court.
It is therefore ordered that the judgment of the lower court be affirmed wherein it dismissed the plaintiff’s suit for personal injury damages and reversed in its denial of penalties and attorney fees provided in LSA-R.S. 22:657 and the taxing of costs against the plaintiff.
Accordingly, it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff and against the defendant herein in the full sum of $1305.26 with legal interest from date of judicial demand until paid, and the further sum of $500.00 as attorney fees. The defendant to pay all costs of this suit.
Affirmed in part and reversed in part.