TATE, Judge.
Mrs. Alida Kuebler sustained serious injuries when an overtaking vehicle driven by her husband collided with a left-turning vehicle driven by Tinker Mixon, age 17. She sues young Mixon’s father and his liability insurer (Phoenix), and she also joins as a codefendant her husband’s insurer (Fidelity).
The trial court held that Tinker Mixon’s negligence was the sole cause of the accident. Accordingly, he granted judgment awarding Mrs. Kuebler $17,500; damages against Mr. Mixon and his liability insurer, Phoenix. The court dismissed the latters’ third party demand (and the plaintiff’s own action) against Fidelity, Mr. Kuebler’s insurer, in accordance with its finding that this latter driver was without fault. (A companion appeal involves the action in which Mr. Kuebler, the husband, was awarded damages against Mr. Mixon and Phoenix, 218 So.2d 66.)
Mixon and Phoenix appeal. Their principal contentions are: (1) That Kueb-ler’s negligence in heedlessly approaching young Mixon as he was slowing to turn was at least a contributory cause of the accident, so that Fidelity (Kuebler’s insurer) should be held solidarily liable with the appellants for the damages awarded Mrs. Kuebler; (2) that the award of $17,500 is excessive.

Liability

The accident occurred at ten o’clock at night. Both vehicles were proceeding northward on a main two-lane highway. They collided on a straight, level stretch in the country two miles south of Bunkie. Kuebler was approaching at a speed of 60 mph, within the legal limit. Tinker Mixon was struck as he was turning left into an unmarked private driveway. The evidence is uncontradicted that he made this turn without prior signal and without making any observation for overtaking traffic.
The preponderance of the evidence shows that Kuebler had pulled into the passing (or his left) lane prior to the time that Tinker angled left across the center lane. The positioning of the 84 feet of skid marks made by Kuebler’s vehicle and of the damages to the two vehicles corroborates the preponderant testimony to this effect. The physical evidence further tends to corroborate Kuebler’s testimony that he immediately applied his brakes as Tinker pulled across his path, but nevertheless was unable to avoid striking the rear of the left side of the Mixon vehicle.
Under the trial court’s essential determination, Tinker made an unsignalled left turn at a time when Kuebler, overtaking at a lawful speed, was pulling into the other lane to pass him. Kuebler was so close then that he could not reasonably have avoided the accident. Under these circumstances, Tinker’s negligence was the sole proximate cause of the accident. Wesley v. Home Indemnity Co., 245 La. 133, 157 So.2d 467; McCann v. Mercer, La.App. 3d Cir., 191 So.2d 150; Stephen v. State Farm Mutual Auto Ins. Co., La.App.3d Cir., 149 So.2d 256, 257.
Defendants-appellants cite to us certain principles and decisions as justifying a holding that Kuebler negligently contributed to the accident. They are factually inapplicable. They concern situations where a passing driver’s negligence is a cause of the accident because he fails to see a timely left-turn signal, Gaspard v. LeMaire, 245 La. 239, 158 So.2d 129; Gorum v. Pritchard, La.App.3d Cir., 173 So.2d 308, or where an oncoming driver follows a forward driver too closely so that his neg *65 ligence in that respect is a proximate cause of a rear-end collision, Slocum v. American Casualty Ins. Co., La.App.3d Cir., 189 So.2d 299; Cassreino v. Brown, La.App. 4th Cir., 144 So.2d 608.
Likewise, we find no merit to the suggestion that Kuebler should be held to have negligently contributed to the accident because he failed to sound his horn as he commenced to pass. This contention overlooks the absence of duty of the driver of an overtaking vehicle to use his horn prior to a passing maneuver, when the forward vehicle is wholly within its own traffic lane apparently proceeding straight ahead. Wesley v. Home Indemnity Co., cited above, at 157 So.2d 470; McCallum v. Adkerson, La.App.2d Cir., 126 So.2d 835.
Able counsel for the appellants urges most strongly, however, that Kuebler should have realized that the forward vehicle intended a turn because Tinker had tapped his brakes two or three times as he approached the driveway, in order to slow his vehicle. We agree with the trial court that, at the time and place of the accident, this temporary brightening of the red brake light on the forward vehicle “gives no warning of an intended turn, especially here, on a lonely road out in the country.” Tr. 41.

Quantum

The trial court awarded $17,500 general damages to Mrs. Kuebler for her personal injuries. These include severe traumatic injuries on the night of the accident, including a fracture of the frontal skull, a deep gashed open forehead wound (with as residual obvious forehead and face scars over 5 ’ inches in length), and a moderately severe spinal column whiplash strain which will require treatment for a further two years, as well as a severely sprained ankle. With regard to the scarring, Mrs. Kuebler, age 20, is a very pretty girl who suffered much emotional distress resulting from the facial disfigurement. It can, however, be minimized with two further surgical procedures.[1]
The trial court’s award was based upon the facial disfigurement (together with the surgical intervention to minimize it, and attendant suffering), the serious injuries at the time of the accident, and the prolonged period of discomfort and pain from the spinal column injury. Mrs. Kuebler has undoubtedly suffered much physical and emotional pain from these injuries. We find no abuse by the trial court of its great discretion (LSA-Civil Code Art. 1934; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127) to award general damages for personal injuries. Knotts v. Employers Casualty Co., La.App.3d Cir., 177 So.2d 630; Bernard v. Hungerford, La.App.3d Cir., 157 So.2d 246.

Decree

For the reasons assigned, we affirm the judgment of the trial court awarding Mrs. Kuebler damages in the amount stated. The defendants-appellants are to pay the costs of this appeal.
Affirmed.

. Mrs. Kuebler was introduced into evidence by the defendants. Since she was part of the record, upon motion of the defendants, this court ordered her production for inspection at the time of the oral argument of the appeal. Louisiana Constitution, Article VII, Section 2 (1921) ; LSA-C.O.P. Art. 2132. See 4 Wigmore on Evidence, Sections 1168, 1169 (3d ed. 1940) ; Id., Section 1158; 8 Wigmore, Evidence, Section 2220(9) (MeNaughton Rev. 1961).