HALL, Judge.
Plaintiff brought suit for damages for personal injuries sustained by him when the automobile he was driving on Louisiana Highway 34 in Jackson Parish, struck defendant’s yearling cow which ran out onto the highway in front of him. From a *351 judgment rejecting his demands, plaintiff appealed. We reverse the judgment of the district court and award damages.
At the time of the accident, defendant had about twelve to seventeen head of cattle pastured on a ten acre tract of land which he had rented for about five years and which fronts on Highway 34. Highway 34 is one of the “closed range” highways listed in LSA-R.S. 3:2803.
The tract was fenced on all four sides. The testimony describing the fences varies, but for the most part it was wire net bottom and barbed wire top. There was a pond at the rear of the pasture and the evidence as to the nature and condition of the fence next to the pond is in conflict. There was some testimony that a cow could easily escape from the pasture at the rear when the water level of the pond was low, but there was also testimony to the contrary. There was evidence that cows had escaped from the pasture on a few previous occasions. The fences were generally described as average and in adequate condition to keep cattle enclosed, and for purposes of this opinion we accept that description as correct.
The evidence is that defendant went to the property almost every day to feed the cattle and see that they were safe. There was evidence that the gate had been left open and fences damaged by trespassers fishing in the pond on previous occasions, but there was no evidence that such had occurred on the date of the accident.
There is nothing in the evidence that offers any explanation whatsoever as to how, when or where the particular cow involved in the accident escaped from the pasture. There was no evidence that the fences were carefully inspected after the accident to determine their exact condition at that time.
The latest expression by this Court of the law applicable to a case of this nature is found in Womack v. Rhymes, 300 So.2d 226 (La.App.2d Cir. 1974), writs denied, 303 So.2d 179 (La.1974). Referring to LSA-C.C. Art. 2321 and LSA-R.S. 3:2803, this Court held:
“Under the jurisprudence applying the code article and statute, the owner of an animal is responsible for damage which it causes if there is any negligence, however slight, on his part. Where an animal has been the cause of damage, the burden rests upon the owner to exculpate himself of even the slightest degree of negligence. The burden placed upon the owner of an animal by these legal principles is not insubstantial but requires him to establish by proof of facts in a given case his complete freedom from any negligence of even the slightest degree to which might be attributed the action of the owned animal by which damage is caused to another. Kennedy v. Frierson, 142 So.2d 838 (La.App.2d Cir. 1962).
“A number of cases arising out of highway accidents involving livestock have expressed the rule as imposing upon the owner of the livestock the burden of freeing himself from negligence by showing that he has taken every precaution expected of a reasonably prudent individual to prevent his livestock from leaving their confines and roaming at large. Primeaux v. Kinney, 256 So.2d 140 (La.App.3d Cir. 1971).
“Other cases have expressed the rule as imposing the burden upon the owner of the animal to show when, where and how the animal escaped from its enclosure, that is, his freedom from fault, even in the slightest degree. Long v. Travelers Insurance Company, 150 So.2d 52 (La.App.2d Cir. 1963); Colomb v. McDonald, 131 So.2d 84 (La.App.3d Cir. 1961); Parker v. Young, 122 So.2d 699 (La.App. 1st Cir. 1960); concurring opinion in Ross v. Del Valle, 277 So.2d 163 (La.App.3d Cir. 1973).
« * * *
“We conclude the better rule is that the defendant must not only show he has *352 taken all reasonably prudent precautions to enclose his livestock, but must also explain the presence of the livestock on the highway by showing how the animal escaped in order to overcome the presumption of negligence and to prove freedom from fault in the slightest degree. As pointed out by Judge Hardy in his opinion in the Kennedy case, a fence, like a chain, is only as strong as its weakest link, and a general showing of fences in good condition does not negate the possibility of some defect which could have been discovered and remedied by the exercise of reasonable precaution and inspection. The defendant is in the better, and usually sole position to explain how the livestock got out of their enclosure and onto the highway and in the absence of such proof general evidence as to reasonable precautions is not sufficient.
“The conclusion of this Court is, then, that defendant has failed to explain where and how her cow escaped and, therefore, has failed to exculpate herself from negligence and is liable for the damages caused by the presence of the cow on the highway.”
Applying the rule and reasoning of Womack v. Rhymes to the instant case, the evidence as to the generally adequate condition of the fences and generally reasonable precautions taken by defendant is not sufficient to overcome the presumption of negligence and to prove his freedom from fault in the slightest degree. Defendant has failed to explain how the cow escaped through no fault of his own. He has, therefore, failed to exculpate himself from negligence and is liable for the damages caused by the unexplained presence of the cow on the highway.
Having found defendant liable, the next issue for consideration is the amount of damages to which plaintiff is entitled. Plaintiffs injuries consisted of a lumbo-sacral sprain and musculoligamentous sprain of the cervical spine for which a pain reliever and muscle relaxants were prescribed. The report of Dr. A. E. Mc-Keithen indicated that plaintiff made several visits to his office the year following the accident, complaining of acute low back pain and headaches. No clear evidence as to lost wages was presented by plaintiff.
We award plaintiff the sum of $1,600, itemized as $1,500 for pain and suffering and $100 for medical expenses incurred.
For the foregoing reasons, the judgment appealed from is reversed and there is judgment in favor of plaintiff, Hayward C. Quarles, and against defendant, Murphy Tolar, in the sum of $1,600, together with legal interest from date of judicial demand until paid. All costs shall be paid by defendant-appellee.
Reversed and rendered.
AYRES, J., concurs.
PRICE, J., concurs and assigns written reasons.